**Carol I. STINER and Lewis G. Stiner, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 75–1330.**

United States Court of Appeals, Tenth Circuit.

Oct. 15, 1975.

Beverly N. Ballantine, Criswell, Patterson & Ballantine, Englewood, Colo., Gary Green and Daniel M. Katz, Legal Dept., Air Line Pilots Assn., International, Washington, D. C., for plaintiffs-appellants.

Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Michael L. Paul and John G. Manning, Attys., Tax Div., Dept. of Justice, for defendant-appellee; James L. Treece, U. S. Atty., of counsel.

Before PICKETT, Senior Circuit Judge, and SETH and McWILLIAMS, Circuit Judges.

PER CURIAM.

This is an appeal from that portion of a directed verdict by the United States District Court for the District of Colorado denying the deductibility from federal income taxes of certain accessories to and portions of the uniform of an airline stewardess. We affirm.

When appellant Carol Stiner initially commenced employment as a stewardess for United Airlines, she was required to purchase designated uniforms as well as various accessories to the uniforms. During the tax years in question, appellants, husband and wife, took deductions from their federal income taxes for the cost of the uniforms and accessories. The majority of the claimed deductions were disallowed and the Stiners were unable to have this disallowance overturned administratively.

Unsuccessful in administrative channels, the Stiners filed suit in the district court seeking a tax refund. Although the district court conducted trial before

a six member jury, it directed a verdict, following receipt of all evidence, that was partially favorable and partially unfavorable to the Stiners. The specific uniform items in contention before the district court included uniform skirts, jackets, raincoat, in-flight smocks, handbag, luggage, gloves, hosiery, sunglasses, watch, shoes and scarf. During trial, the claimed deduction was abandoned with regard to the watch, sunglasses and luggage. Since the district court through its directed verdict permitted the claimed deduction for certain of the other items, the sole items which remain for consideration in this appeal then are the shoes, boots, gloves, handbag and cosmetics.

■ We view this appeal as presenting two issues for our consideration, both of which are so interrelated as to be inseparable. We first consider whether the district court erred in directing a verdict. A verdict, in a case such as this, may be directed only if the evidence supports one position only and supports no reasonable inferences which sustain the position of the party against whom the verdict is directed. *Palmer v. Ford Motor Company*, 498 F.2d 952 (10th Cir. 1974). Here, no evidence was produced at trial which in our opinion established that the items in question were unusual or unique and not adaptable to general usage as ordinary clothing. *See, Donnelly v. C.I.R.*, 262 F.2d 411 (2nd Cir. 1959). We find nothing in the record to suggest that reasonable minds could differ in this conclusion and the district court was accordingly correct in directing the verdict. This conclusion is necessarily dispositive of the second issue presented for our consideration, whether the uniform items in question are deductible.

Upon docketing the parties were notified that this case had been assigned to the summary calendar. Memoranda have now been filed supporting each of the parties' respective positions. A detailed review of these memoranda as well as of the files and records in this case convinces us that the judgment of the district court is correct.

Affirmed.

The mandate shall issue forthwith.