Barry D. and Sandra J. PEVSNER,
Petitioners-Appellees,

v.

COMMISSIONER OF INTERNAL REV-
ENUE, Respondent-Appellant.

No. 80–1096
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Jan. 9, 1981.

Dissenting Opinion Jan. 26, 1981.

M. Carr Ferguson, Asst. Atty. Gen., Gil-
bert E. Andrews, Acting Chief, Appellate
Section, Daniel F. Ross, John A. Dudeck,
Jr., Attys., Tax Div., Dept. of Justice,
Washington, D. C., for respondent-appel-
lant.

Samuel R. Miller, Dallas, Tex., for peti-
tioners-appellees.

Before AINSWORTH, GARZA and SAM
D. JOHNSON, Circuit Judges.

PER CURIAM:

A member of the Court in active service
having requested a poll on the reconsidera-
tion of this cause en banc, and a majority of
the judges in active service not having vot-
ed in favor of it, rehearing en banc is
DENIED.   5 Cir., 628 F.2d 467.

FAY, Circuit Judge, with whom JAMES
C. HILL, Circuit Judge, joins, dissenting.

The sole issue in this case is whether Mrs.
Pevsner incurred ordinary and necessary
business expenses.  The Commissioner con-
cedes that Mrs. Pevsner was *required* to
purchase and wear the YSL clothes and
accessories in her work and that she *never*
used such apparel outside her work.  In
applying the tests of *Donnelly*[1], the panel
decides that an objective, rather than sub-

jective, standard must be applied.  In my
opinion this begs the entire question sur-
rounding "business expenses" as allowed by
our income tax laws.

Mrs. Pevsner was required to purchase
designer clothes the cost of which far ex-
ceeded anything she would have used as
dress for any activities other than her work.
Because there are members of our society
who wear such and because these clothes
are "adaptable to general use as ordinary
streetwear", taxpayer is denied a business
expense.  If the panel opinion stands, no
taxpayer purchasing clothes, costumes, uni-
forms or other apparel which are "adapta-
ble to general use as ordinary streetwear"
will be allowed a business expense deduc-
tion regardless of the absolute necessity of
purchasing such for use at work and the
total absence of any use elsewhere.  One
need only walk down the streets of any city
in America to know that such a test proba-
bly includes every piece of clothing manu-
factured.

Under the panel opinion it will not mat-
ter that the bus driver's pants have a stripe
down the side nor that the elevator opera-
tor's shirt has epaulets.  Other more ex-
treme examples, particularly those dealing
with professional entertainers, would only
highlight the ramifications of this holding.

Because I feel this result is contrary to
the law, contrary to the authorities cited by
the Tax Court in upholding the deduction,
and contrary to common sense, I respectful-
ly dissent from the refusal of our Court to
consider the matter *en banc.*

1.  *Donnelly v. Commissioner,* 262 F.2d 411 (2nd
Cir. 1959).