CECIL MELLA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mella v. Commissioner
Docket No. 5033-84.
United States Tax Court
T.C. Memo 1986-594; 1986 Tax Ct. Memo LEXIS 14; 52 T.C.M. (CCH) 1216; T.C.M. (RIA) 86594; December 22, 1986. *14 Held, P, a tennis professional, is not entitled to deduct the cost of tennis clothes and tennis shoes worn at work as an ordinary and necessary business expense. Secs. 162, 262, I.R.C. 1954. JOHN J. Quinlisk, for the petitioner. Thomas J. Kane, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $1,949.49 in the petitioner's Federal income tax for 1980. To the credit of both parties, they have entered into a stipulation of settled *15 issues which settles the majority of issues raised in the notice of deficiency. The only issue remaining for decision is whether the petitioner is entitled to a deduction for the costs of tennis clothes and tennis shoes purchased in connection with his job as a tennis professional. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioner, Cecil Mella, resided in Bannockburn, Illinois, at the time he filed the petition in this case. He filed his individual Federal income tax return for 1980 with the Internal Revenue Service Center, Kansas City, Missouri. During 1980, the petitioner was employed as the manager and head tennis professional of the Bannockburn Tennis Club. Concurrently, he was the head tennis professional at Glenbrook Racquet Club. His jobs at both clubs were year-round positions. Both clubs were owned by Leland A. Moody. Such clubs had a rule that no one, including instructors, was allowed to play on the tennis courts if he or she was not wearing proper tennis attire. Additionally, during 1980, he played in at least one dozen professional tennis tournaments and, at the time of trial, was a nationally ranked tennis *16 player. The petitioner purchased the tennis clothes and tennis shoes preferred by him; the club rules did not dictate the specific items of tennis attire to be worn by him, beyond requiring proper tennis attire. The petitioner's tennis clothes included warm-up jackets and pants, tennis shirts with a collar, and shorts that were brief to give maximum freedom of movement and had pockets for tennis balls. He purchased these items at tennis shops and at other stores that sold such items. The petitioner purchased stylish, high quality tennis clothes and tennis shoes because he wanted to be dressed in a manner that would distinguish him from the students and because he wanted to maintain a good appearance for his wealthy students. Additionally, he purchased tennis shoes that had a "better feel and cushion" when he played tennis. These characteristics allegedly decreased the chance of injury to the petitioner. Each pair of tennis shoes lasted him only 2 or 3 weeks. All such tennis clothes and tennis shoes were readily available to the public. The petitioner produced cancelled checks and receipts documenting $778.54 of expenditures for tennis clothes and tennis shoes. He claimed not *17 to have receipts for all the tennis shoes purchased by him, and he estimated the costs of such shoes.He claimed a total of $1,350.00 for his tennis clothes and tennis shoes on his return. In his notice of deficiency, the Commissioner disallowed in full the deduction for tennis clothes and shoes on the ground that they were not a deductible business expense. OPINION The issue for consideration is whether the petitioner is entitled to a deduction of $1,350 for tennis clothes and tennis shoes purchased in connection with his job as a tennis professional. The resolution of this issue requires us to reconcile the provisions of sections 262 and 162 of the Internal Revenue Code of 1954. [1]Section 262 expressly denies a deduction for all "personal, living, or family expenses." On the other hand, section 162(a) allows a deduction for "all the ordinary and necessary expenses paid or incurred * * * in carrying on any trade or business." Whether expenditures are for ordinary and necessary *18 business expenses is a question of fact ( Commissioner v. Heininger,320 U.S. 467 (1943)), and the petitioner has the burden of demonstrating that the purpose of the expenditure was primarily business rather than personal and that the business in which the taxpayer is engaged benefited, or was intended to be benefited, by the expenditure ( Chapman v. Commissioner,48 T.C. 358 (1967); Bennett's Travel Bureau, Inc. v. Commissioner,29 T.C. 350 (1957)). Although a business wardrobe is a necessary condition of employment, the cost of such wardrobe has generally been considered a nondeductible personal expense within the meaning of section 262. See Kennedy v. Commissioner,451 F.2d 1023 (3d Cir. 1971), affg. per curiam a Memorandum Opinion of this Court; Motch v. Commissioner,11 T.C. 777 (1948), revd. on other issues 180 F.2d 859 (6th Cir. 1950). The general rule of law is that where business *19 clothes are suitable for general wear, a deduction for them is not allowable. See Donnelly v. Commissioner,262 F.2d 411 (2d Cir. 1959), affg. 28 T.C. 1278 (1957); Roth v. Commissioner,17 T.C. 1450 (1952); Roberts v. Commissioner,10 T.C. 581 (1948), affd. on another issue 176 F.2d 221 (9th Cir. 1949); Drill v. Commissioner,8 T.C. 902 (1947). Such costs are not deductible even when it has been shown that the particular clothes would not have been purchased but for the employment. Stiner v. United States,524 F.2d 640 (10th Cir. 1975); Donnelly v. Commissioner,supra.
There is a recognized exception to the general rule, and this Court has allowed a deduction for the cost of clothes which were useful only in the business environment. For example, a deduction was allowed in Harsaghy v. Commissioner,2 T.C. 484 (1943), because custom and usage forbade offduty wearing of the clothing; in Meier v. Commissioner,2 T.C. 458 (1943), because sanitary considerations made the clothes unsuitable for general wear; *20 in Denny v. Commissioner,33 B.T.A. 738 (1935), because the clothes were a theatrical costume; and in Mortrud v. Commissioner,44 T.C. 208 (1965), and Benson v. Commissioner,2 T.C. 12 (1943,) affd. 146 F.2d 191 (9th Cir. 1944), because the clothes were a uniform not expected to be worn generally. [2] In Yeomans v. Commissioner,30 T.C. 757, 767 (1958), we established three criteria for the cost of clothing to be deductible as an ordinary and necessary business expense: (1) The clothing is required or essential in the taxpayer's employment, (2) the clothing is not suitable for general or personal wear, and (3) the clothing is not so worn. *21 The critical question in this case is whether the petitioner's tennis clothes and tennis shoes are suitable for general or personal wear. The petitioner claims that, by custom, usage, and traditions of the tennis profession, such items are not worn outside the work environment. Regarding his tennis shoes, he states that he is required by his employer to wear such shoes while on the clubs' tennis courts and that they are necessary to protect him from injury. Finally, he testified that he does not wear his tennis clothes or tennis shoes outside the work environment, except while traveling between clubs. The petitioner argues that the Court should apply a subjective test in determining whether to allow his claimed deduction. Under such a test, a deduction would be allowed if the taxpayer could establish that clothing expenses were incurred as employment expenses, the clothes were only used in connection with the taxpayer's employment, and the clothing did not replace the taxpayer's regular clothing. The petitioner contends that such a test was applied by the Court in Yeomans v. Commissioner,30 T.C. 757 (1958); Pevsner v. Commissioner,T.C. Memo. 1979-311, *22 revd. 628 F.2d 467 (5th Cir. 1980); Nelson v. Commissioner,T.C. Memo. 1966-224. The Commissioner contends that the criteria set forth in Yeomans should be applied objectively. In support of this contention, the Commissioner relies on our opinion in Hynes v. Commissioner,74 T.C. 1266 (1980), where the Court denied a deduction for clothing worn in the workplace and stated that "the fact that the petitioner chose not to wear his business clothes when he was away from * * * [his workplace] does not mean that such clothes were not suitable for his private and personal wear." 74 T.C. at 1291. In this case we need not decide whether to apply an objective or subjective test, for in any event, the petitioner has failed to meet his burden of proof. After considering the evidence, including photographs of some of the clothing and shoes for which the petitioner seeks a deduction, we conclude that his tennis clothes and tennis shoes are suitable for general or personal wear. The Court observes that it is relatively commonplace for Americans in all walks of life to wear warm-up clothes, shirts, and shoes of the type purchased *23 by the petitioner while engaged in a wide variety of casual or athletic activities. The items are fashionable, and in some cases have the name or logo of designers that have become common in America. Indeed, at trial, it was stated that tennis professionals, such as the petitioner, are clothing style setters for their students. Additionally, the petitioner presented no corroboration for his statements that tennis professionals in general, and he in particular, do not wear such items outside the work place. Finally, the petitioner's uncorroborated and vague statements concerning the safety function of his shoes were not persuasive. Therefore, we hold that the petitioner is not entitled to deduct the costs of his tennis clothes and tennis shoes. Decision will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during 1980.↩
2. See also Pevsner v. Commissioner,T.C. Memo. 1979-311, revd. 628 F.2d 467 (5th Cir. 1980), in which the Tax Court allowed a manager of a designer boutique to deduct the costs of purchasing and maintaining designer clothes as a business expense. In Pevsner, the Commissioner conceded that the taxpayer's employer required her to wear such designer clothing and that she did not wear such clothing for general or personal purposes; nevertheless, the Fifth Circuit reversed the Tax Court and held that the cost of such clothes were not deductible because they were adaptable to general usage as ordinary clothing. See also Russell v. Commissioner,↩ Tax Court Memorandum Opinion entered Nov. 6, 1953, wherein the Court allowed a deduction for the cost of certain safety clothing of a locomotive fireman which was special clothing not ordinarily adaptable for other use.