996 F.2d 1230
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawrence K. WILLIAMS, Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent.
 No. 92-70057.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 18, 1993.*
Decided June 23, 1993.
 
 1
 Before NORRIS and RYMER, Circuit Judges and TAYLOR**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Lawrence K. Williams appeals a decision by the United States Tax Court sustaining the Commissioner of Internal Revenue's disallowance of certain business deductions claimed by Williams on Schedules A and C of his 1985 federal income tax return. Williams also contests the Tax Court's determination that it lacked jurisdiction to award Williams a refund or credit for his overpayment of income tax for the 1982 tax year. We have jurisdiction under 26 U.S.C. § 7482(a), and we affirm.
 
 
 4
 * Section 162 of the Internal Revenue Code provides a deduction for "ordinary and necessary" expenses incurred "during the taxable year in carrying on any trade or business." 26 U.S.C. § 162(a). The taxpayer bears the burden of showing entitlement to a particular deduction. Norgaard v. CIR, 939 F.2d 874, 877 (9th Cir.1991); see also Baxter v. CIR, 816 F.2d 493, 495 (9th Cir.1987) (a taxpayer bears the burden of proving the Commissioner incorrect). The Tax Court's determination that a taxpayer has failed to produce sufficient evidence to support a deduction is a finding of fact subject to reversal only if clearly erroneous. Norgaard, 939 F.2d at 877.
 
 
 5
 Williams argues that the Tax Court incorrectly held, pursuant to 26 U.S.C. § 162, that he failed to substantiate properly several deductions which he claimed on Schedules A and C of his 1985 federal income tax return. Specifically, Williams contends that the Commissioner should have allowed his claimed deductions for the following business related expenses: tools and equipment, special work clothing, office rent, and casualty loss/involuntary conversion.
 
 
 6
 * The Tax Court properly determined that Williams failed to overcome the presumption of correctness attaching to the Commissioner's disallowance of Williams's $1,107.20 deduction for "bs tools/equipment." At trial, Williams asserted that "bs tools/equipment" represented expenses incurred for tools and parts used to maintain his business vehicles. Noting that the Commissioner had already allowed Williams a Schedule C deduction for car and truck expenses in the amount of $2,736.75, the Tax Court concluded that Williams did not produce sufficient evidence to support his claimed entitlement to a further deduction. Moreover, the Tax Court found Williams's argument in favor of the deduction to be "vague and wholly unpersuasive." See United States v. Sealey, 830 F.2d 1028, 1032 (9th Cir.1987) (trial court's determination of a witness's credibility is entitled to great deference). The Tax Court's findings were not clear error.
 
 B
 
 7
 On Schedule C of his 1985 tax return, Williams deducted $375.71 for "special clothing." The Commissioner disallowed the entire deduction. At trial, Williams testified that his "special clothing" deduction represented the cost of a helmet, boots, and a leather uniform displaying his business logo that he wore when riding his motorcycle for business purposes. The Tax Court agreed with Williams's claim that the leather uniform bearing his company's logo was a deductible business expense under 26 U.S.C. § 162(a), but finding that the boots and helmet were "clearly adaptable to general use," the Tax Court sustained the Commissioner's disallowance of Williams's deductions for the latter two items.[1]
 
 
 8
 Williams argues that the Tax Court erred in denying his deductions for the boots and helmet. However, Williams points to no credible evidence supporting his claim that the clothing was a "required condition of his employment," or negating the Tax Court's conclusion that the helmet and boots were "clearly adaptable to general use." See Pevsner v. Commissioner, 628 F.2d 467, 469 (5th Cir.1980) (work clothing is a deductible business expense under § 162(a) if the clothes are of a type specifically required as a condition of employment, the clothes are not adaptable to general use as ordinary clothing, and the clothes are, in fact, not worn as ordinary clothing). Accordingly, the Tax Court's finding that Williams failed to substantiate his claimed deduction for the boots and helmet was not clear error.[2]
 
 C
 
 9
 On Schedule C of his 1985 tax return, Williams listed a deduction for "office expense" in the amount of $1,512.69, and a deduction for "pro rated ofc rent" in the same amount. At trial, the Commissioner objected to Williams's taking of the same deduction twice. Williams did not dispute the Commissioner's contention that the two entries on his Schedule C represented the same expense. Accordingly, the Tax Court properly found that the record indicated that the two entries relating to office expenses were duplicative, and correctly sustained the Commissioner's allowance of only one $1,512.69 deduction by Williams for office rent.
 
 D
 
 10
 On his 1985 tax return, Williams claimed a $2,700 deduction for a casualty loss on Schedule A, and claimed a separate involuntary conversion deduction for the same amount on attached Form 4797. These two deductions represent the same loss--the loss arising from the foreclosure sale of a house by the City of Buffalo, New York in 1979. Williams argues that he should be permitted to carry his 1979 loss forward to the 1985 tax year because he had no capital gain in the intervening years against which to apply his capital loss.
 
 
 11
 The Tax Court properly held that Williams failed to present sufficient evidence to warrant reversal of the Commissioner's presumptively correct disallowance of Williams's $2,700.00 deduction for casualty loss/involuntary conversion. The Tax Court noted that any loss incurred with respect to the foreclosure would normally be deductible in 1979, and determined that Williams produced no evidence, e.g., prior tax returns, to support his claim that the $2,700 loss could not have been deducted in the year of the loss or in any of the tax years from 1979 through 1984.
 
 II
 
 12
 Williams contends that the Tax Court incorrectly determined that it lacked jurisdiction to award him a refund or credit for an overpayment of his 1982 federal income taxes. Williams's argument is without merit. Pursuant to section 6512(b)(1), the Tax Court has jurisdiction to award a refund or credit only if it determines that an overpayment exists with respect to one of the years at issue. 26 U.S.C. § 6512(b)(1). However, any allowed credit or refund is limited to the portion of the tax paid within three years prior to the Commissioner's issuance of notice of deficiency. 26 U.S.C. § 6512(b)(3)(B) (credit or refund limited to portion of tax paid within the "period which would be applicable under section 6511(b)(2), ... if on the date of the mailing of the notice of deficiency a claim had been filed"). Notice of deficiency was mailed to Williams on December 18, 1988. William's 1982 tax liability was paid in advance, and thus was deemed paid on April 15, 1983.[3] See 26 U.S.C. §§ 6513(b)(1) & (2) (any amount deducted and withheld or paid as estimated income tax shall be deemed to have been paid on the 15th day of the fourth month following the close of the taxable year, or on the last day for filing the return under section 6012 for such taxable year). Accordingly, because Williams paid no portion of his 1982 income tax within the three year period preceding December 19, 1988, the Tax Court lacked jurisdiction to award Williams refund or credit for any overpayment.[4]
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Gary L. Taylor, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Commissioner does not appeal the Tax Court's ruling with respect to Williams's work clothing
 
 
 [2]
 Williams appears to contest the value assigned to his leather uniform by the Tax Court. However, Williams failed to itemize specifically or document properly his claimed $375.71 "special clothing" deduction on his 1985 tax return, at trial, or in his post-trial Rule 155 Computation for Entry of Decision. Thus, the Tax Court did not err in accepting the Commissioner's estimate of $188--approximately one-half of the total amount originally deducted by Williams for the uniform, helmet, and boots
 
 
 [3]
 The Tax Court found that Williams filed his 1982 tax return on September 8, 1986. Williams disputes the Tax Court's finding, asserting that he filed his 1982 tax return on time, but that the IRS lost it. Williams offers no credible evidence to support his position--he points only to his "50 year history of filing timely returns" and the "Commissioner's history of losing taxpayers' documents."
 
 
 [4]
 Additionally, Williams argues that the Commissioner improperly served its notice of deficiency on Williams's ex-wife, that taxes were illegally and untimely assessed against him, and that his and his ex-wife's joint 1985 tax liability was illegally collected from his ex-wife in 1989. Williams failed to present these issues to the Tax Court. We decline to review issues raised for the first time on appeal. Brown v. Civil Service Comm'n, 818 F.2d 706, 710 (9th Cir.1987)