T.C. Memo. 2005-159

UNITED STATES TAX COURT

KELVIN AND ARLENE JACKSON, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8446-04.                    Filed June 29, 2005.

Kelvin and Arlene Jackson, pro se.

Kelli H. Todd, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge:  Respondent determined a deficiency of $808
and a section 6662(a) penalty of $161.60 with respect to
petitioners' Federal income tax for 2002.  After concessions, we
must decide whether petitioners are entitled to additional
itemized deductions or business deductions beyond those conceded
by respondent and whether petitioners are liable for the penalty

under section 6662(a).  Unless otherwise indicated, all section
references are to the Internal Revenue Code in effect for the
year in issue, and all Rule references are to the Tax Court Rules
of Practice and Procedure.

### FINDINGS OF FACT

Petitioners resided in Austin, Texas, at the time that they
filed their petition.  During 2002, petitioner Kelvin Jackson
(Mr. Jackson) was a driver for United Parcel Service (UPS), and
petitioner Arlene Jackson (Ms. Jackson) was a self-employed
writer.  On their Form 1040, U.S. Individual Income Tax Return,
for 2002, among other things no longer in dispute, petitioners
claimed on Schedule A, Itemized Deductions, the following:

| | |
|---|---:|
| Medical and dental expenses | $4,673 |
| Home mortgage interest and points | 14,466 |
| Gifts to charity by cash or check | 3,600 |
| Noncash gifts to charity | 500 |
| Unreimbursed employee expenses (small tools) | 350 |

On Schedule C, Profit or Loss From Business, for Ms. Jackson's
business as a writer, petitioners claimed a total of $30,878 in
business expenses.  In addition to other items not now in
dispute, petitioners claimed a $706 mortgage interest deduction
on this Schedule C.

Prior to trial, respondent conceded petitioners' entitlement
to various items that had been claimed on their return and
disallowed in the notice of deficiency, including $4,673 of
medical and dental expenses, subject to the 7.5-percent floor

limitation, an $8,937 itemized deduction for home mortgage interest, and a $50 charitable contribution deduction for a contribution to United Way deducted from Mr. Jackson's pay from UPS. Thereupon, petitioners claimed additional medical expense deductions allegedly not included in the amount reported on their tax return. During a meeting with respondent's counsel and at trial, with respect to the disallowed charitable contributions deductions, petitioners presented documents generated by themselves and alleged receipts that were illegible, incomplete, and some of which had been altered.

The mortgage interest remaining in dispute consists of $5,800 in points withheld by the lender from a refinanced mortgage loan obtained by petitioners during 2002. After conceding that such points should be amortized over the life of the loan, see sec. 461(g), Ms. Jackson contended at trial that $6,779.58 of the loan proceeds was used for business purposes and was therefore deductible on Schedule C.

Mr. Jackson did not appear at trial. In support of the claimed $350 "small tools" deduction on Schedule A of their 2002 return, Ms. Jackson claimed that the deduction was really for Mr. Jackson's steel-toed safety shoes required by UPS. She presented copies of receipts on which an unidentified person had written "work shoes". One of the receipts, however, reflected hiking boots. Another receipt was for "corporate oxford". A

third receipt did not describe the item purchased.  None of the amounts shown equaled the $350 claimed on the return.  The shoes reflected in the receipts and testimony would be adaptable to personal use.

### OPINION

The details of the claims made on the 2002 return, the claims belatedly made as the case proceeded, and the quality of evidence produced by petitioners are set forth in our findings of fact because this case depends on the credibility of petitioners and their documentation.  Because petitioners did not retain required records and did not introduce credible evidence with respect to the disputed deductions, the burden of proof remains with them.  See sec. 7491(a).  For the reasons set forth below, we conclude that petitioners' evidence is not reliable and that they are not entitled to any deductions beyond those conceded by respondent.

With respect to the medical expenses in issue, besides introducing incomplete and illegible documents, Ms. Jackson presented vague and uncertain testimony as to the date certain medical expenses were paid, the nature of the treatment, and the family member who received treatment.  She belatedly attempted to reconstruct mileage expenses for travel to medical providers, but the reconstruction is unreliable because there are no reliable records supporting the trips alleged.  We cannot conclude on this

record that petitioners' allowable medical expenses exceed those conceded by respondent.

With respect to the charitable contributions, Ms. Jackson did not present any independent corroboration of her claims, notwithstanding prior advice by respondent's counsel and by the Court that she do so at the time of trial. The documents presented at trial included alleged records of noncash contributions, but respondent had already conceded the amount claimed on the return for those contributions. Original records were not produced for any contributions, and it was unclear who had supplied information on certain of the alleged receipts, including Mr. Jackson's name on some and the payee on others. Certain "receipts" had been altered to increase the dollar amounts shown. Even so, amounts shown on the documentation presented totaled far less than the $3,600 claimed by petitioners on their tax return. The evidence did not satisfy the substantiation requirements of section 1.170A-13(a)(1), Income Tax Regs., and does not give us a reliable basis for estimating petitioners' deductible contributions.

With respect to petitioners' belated claim that a portion of the mortgage loan proceeds should be deductible as business expenses, petitioners have not shown that the amount that they now claim was not previously included and allowed on the Schedule C that they filed. Moreover, as respondent argues,

petitioners must amortize points deducted from the proceeds of the refinanced mortgage loan over the life of the loan, determined as of 2002, even if the loan was business-related. See sec. 461(g)(1); Rubnitz v. Commissioner, 67 T.C. 621, 626-628 (1977); see also Schubel v. Commissioner, 77 T.C. 701 (1981).

In their posttrial memorandum, petitioners make various additional assertions that they are entitled to a deduction for a particular type of safety-related shoes used by Mr. Jackson in his job.  Assertions in a brief and attachments to a brief are not evidence.  Rule 143(b).  In any event, their contentions are contradicted by the documents that they produced to respondent and at trial.  Accordingly, petitioners have not satisfied the requirements for an employee expense deduction.  See Pevsner v. Commissioner, 628 F.2d 467, 470 (5th Cir. 1980), revg. T.C. Memo. 1979-311.

Petitioners attempt to blame the problems with their tax return on their tax return preparer.  Their failure to maintain and produce the required documentation to support their deductions, however, is negligence that is not attributable to the preparer.  Rather, the deficiency resulting from disallowance of the items in dispute is attributable to petitioners' negligence or to petitioners' disregard of rules or regulations relating to those deductions.  The penalty under section 6662 will be sustained.

To reflect respondent's concessions,

<u>Decision will be entered</u>

<u>under Rule 155</u>.
