JONATHAN D. KORSHIN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Korshin v. Commissioner
Docket No. 17521-93
United States Tax Court
T.C. Memo 1995-46; 1995 Tax Ct. Memo LEXIS 39; 69 T.C.M. (CCH) 1783; January 31, 1995, Filed *39 Decision will be entered for respondent. Held: P is liable for the 1983 through 1988 additions to tax for negligence and failure to file timely, as determined by R. For petitioner: Benjamin Pratt Gasque, Jr. For respondent: Larry D. Anderson. LARO
LARO
MEMORANDUM OPINION LARO, Judge: Jonathan D. Korshin (petitioner) petitioned the Court to redetermine respondent's determination of additions to his 1983 through 1988 Federal income taxes. Respondent determined the following additions to tax: Additions to Tax
Sec. Sec.
Sec. Year
6651(a)(1) [1]
6653(a)(1)
6653(a)(2)
1983
$ 306
$ 1,567
50% of the
interest due
on $ 12,210
1984
518
1,037
50% of the
interest due
on $ 20,740
1985
725
1,449
50% of the
interest due
on $ 28,984
1986
812
-- --
1987
678
-- --
1988
821
-- --
Additions to Tax
Sec. Sec. Sec.
Year
6653(a)(1)(A)
6653(a)(1)(B)
6653(a) 1983
--
--
--  1984
--
--
--  1985
--
--
--  1986
$ 1,623
50% of the
--  interest due
on $ 32,454
1987
1,356
50% of the
--  interest due
on $ 27,125
1988
--
--
$ 1,642
*40 Following concessions, [2] the issues for decision are: 1. Whether the period of limitations under section 6501 precludes respondent from timely assessing an addition to tax for any of the years in issue. We hold that it does not. 2. Whether petitioner is liable for additions to tax for negligence under section 6653(a)(1) for 1983 through 1985, section 6653(a)(1)(A) for 1986 and 1987, and section 6653(a) for 1988. We hold that he is. 3. Whether petitioner is liable for additions to tax for negligence under section 6653(a)(2) for 1983 through 1985 and section 6653(a)(1)(B) for 1986 and 1987. We hold that he is. Background
Some of the facts have been stipulated and are so found. The stipulations and attached exhibits are incorporated herein by this reference. Petitioner was an anesthesiologist during the years in issue. He resided in Murrells *41 Inlet, South Carolina, when he petitioned the Court. Petitioner was born in the United States in or about 1942. He left medical school in 1970 and worked as an intern. He was then drafted by the military and was assigned to a Marine Corps base in California. In September 1973, he moved to Copenhagen, Denmark, where he became a full-time anesthesiologist. Petitioner filed Federal income tax returns for his 1970 through 1973 taxable years. Petitioner worked in Denmark from 1973 to 1980. On September 5, 1980, petitioner returned to the United States to pursue anesthesiology in America, and he did a residency in anesthesiology at Columbia Presbyterian Hospital from 1980 to 1982. Petitioner filed Federal income tax returns in 1981 and 1982. In 1983, petitioner was a staff anesthesiologist at a hospital in Wilkes-Barre, Pennsylvania. From the end of 1983 until the present, petitioner has been a locum tenens anesthesiologist. For the 1983 through 1988 years, the longest time that petitioner worked at one location was 8 weeks. Petitioner also did not work a full year during these 6 years; rather, he worked about 30 to 32 weeks of each year. Petitioner filed his 1983 Federal income *42 tax return on June 28, 1990, and filed his 1984 through 1988 Federal income tax returns on May 30, 1990. Petitioner's 1983 through 1988 tax returns reflected an income tax liability of $ 31,338, $ 20,740, $ 28,984, $ 32,454, $ 27,125, and $ 32,839, respectively. Petitioner filed his 1983 through 1990 Federal income tax returns while he was under criminal investigation for failure to file his 1984 through 1988 income tax returns in violation of section 7203. On March 29, 1991, petitioner pled guilty to failure to file a 1988 income tax return in violation of section 7203. Respondent determined that petitioner was liable for the additions to tax mentioned above. Respondent reflected her determination in a notice of deficiency that she mailed to petitioner on May 20, 1993. Discussion
Petitioner alleges in his petition that respondent is time barred from assessing or collecting a deficiency, or an addition thereto, for the years in issue because petitioner did not commit fraud in any of those years. We disagree with petitioner that such an assessment or collection by respondent is time barred. Respondent generally must assess tax against an individual within 3 years of the *43 later of the due date or filing date of his or her return. Sec. 6501(a) and (b)(1); , affd. in part and revd. in part on other grounds ; , affd. without published opinion . Given that petitioner filed his 1983 through 1988 Federal income tax returns after their due dates, the 3-year period commences on the date of filing, i.e., June 28, 1990, in the case of petitioner's 1983 tax return, and May 30, 1990, in the cases of his 1984 through 1988 tax returns. Because respondent issued her notice for all of these years on May 20, 1993, which is within 3 years of the filing date, it is timely. [3]
Respondent determined additions to tax for negligence for 1983 through *44 1988. Respondent determined that petitioner's underpayment of income tax in each year was due to negligence or intentional disregard of rules or regulations. For the 1983 through 1985 taxable years, section 6653(a)(1) imposes an addition to tax equal to 5 percent of the underpayment if any part of the underpayment is attributable to negligence. Section 6653(a)(2) also imposes an addition to tax equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence. With respect to returns that have due dates after December 31, 1986 (e.g., petitioner's 1986 and 1987 tax returns), section 1503(a) of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, 2742-2743, replaced former section 6653(a)(1) and (2) with section 6653(a)(1)(A) and (B). Section 6653(a)(1)(A) and (B) are similar to former section 6653(a)(1) and (2). Section 6653(a)(1)(A) imposes an addition to tax equal to 5 percent of the underpayment if any part of the underpayment is attributable to negligence. Section 6653(a)(1)(B) imposes an addition to tax equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence. With respect to *45 returns that have due dates after December 31, 1988 (e.g., petitioner's 1988 tax return), section 1015(b)(2)(A) of the Technical and Miscellaneous Revenue Act of 1988 (TAMRA), Pub. L. 100-647, 102 Stat. 3342, 3569, replaced former section 6653(a)(1)(A) and (B) with section 6653(a). Section 6653(a) was similar to former section 6653(a)(1)(A). Section 6653(a) imposes an addition to tax equal to 5 percent of the portion of the underpayment attributable to negligence. Section 6653(a)(1)(B), however, has no counterpart following the enactment of TAMRA. The 50-percent time-sensitive provision of section 6653(a)(1)(B) was eliminated in TAMRA. [4]
*46 For purposes of all of these provisions, negligence includes a lack of due care or a failure to do what a reasonable and ordinarily prudent person would do under the circumstances. , affg. in part and remanding in part ; . Petitioner bears the burden of proving that respondent's determination of negligence is erroneous. Rule 142(a); , affg. ; ; . Petitioner has failed to do so. To the contrary, the record establishes that petitioner failed to exercise due care and failed to do what a reasonable and ordinarily prudent person would have done under the circumstances. Petitioner knew that he was required to file a Federal income tax return for each year. Petitioner, however, neglected *47 to file timely such a return for 6 consecutive years and only filed returns for those years after he was amidst a criminal investigation regarding his failure to file 1984 through 1988 Federal income tax returns. Given that taxpayers have a statutory duty to file timely Federal income tax returns, we believe that a reasonable and ordinarily prudent person would comply with his or her statutory duty to file such a timely return. We also believe that breach of this duty is evidence of negligence. ; , affd. . Accordingly, for the reasons above, we sustain respondent's determination of additions to tax for negligence for all of the years in issue. We have considered all arguments made by petitioner, and, to the extent not addressed above, find them to be without merit. To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. Unless otherwise stated, section references are to the Internal Revenue Code in effect for the years in issue. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner conceded in his brief that he is liable for the additions to tax for failure to file timely under sec. 6651(a)(1) for each of the years in issue.↩
3. Petitioner apparently agrees. He has not argued this issue in his brief.↩
4. As we understand petitioner's main argument, he cannot be subject to the 50-percent time-sensitive provision because it was eliminated in TAMRA. Petitioner is mistaken. TAMRA eliminated the time-sensitive provision only with respect to tax returns that were required to be filed after Dec. 31, 1988. Given that petitioner's 1983 through 1987 tax returns were required to be filed before Jan. 1, 1989, any changes made to that provision by TAMRA are inapplicable.↩