T.C. Memo. 2002-283

UNITED STATES TAX COURT

VALENTINA PERRAH, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13127-00.          Filed November 18, 2002.

<u>Warren Nemiroff</u>, for petitioner.

<u>Kevin W. Coy</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, <u>Judge</u>:  Respondent determined deficiencies in
petitioner's Federal income tax and penalties for the taxable
years 1994 and 1995 as follows:

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|-----------|----------------------|
| 1994 | $5,734 | $2,929.60 |
| 1995 | 2,319 | 1,751.20 |

The issues for our consideration are: (1) Whether petitioner has shown entitlement to various Schedule C, Profit or Loss From Business, deductions; and (2) whether the resulting underpayment was due to a substantial understatement of income tax and/or negligence so as to make petitioner liable for the accuracy-related penalties under section 6662(a).[1]

FINDINGS OF FACT

Petitioner Valentina Perrah resided in Mira Loma, California, at the time the petition was filed in this case. Petitioner was a real estate broker who owned and operated a Century 21 office in Mira Loma during taxable years 1994 and 1995. This office operated under the name "Amera-Star Realty", and petitioner reported its income and deductions on a Schedule C attached to her Federal income tax returns.

For taxable years 1994 and 1995, petitioner's original individual income tax returns were prepared by petitioner's accountant of approximately 7 years, Ron Kington. Her Schedule C reflected $239,481 of deductions for taxable year 1994 which included, inter alia, $15,303 for advertising costs, $4,390 in car and truck expenses, and $27,960 for other expenses such as

---

[1] All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

$9,317 in telephone services and $4,072 in seminar costs. Her Schedule C reflected $313,217 of deductions for taxable year 1995 which included, inter alia, $13,737 for advertising and $7,579 for car and truck expenses. Petitioner noticed that the amounts of tax due reflected on her 1994 and 1995 returns were significantly different from other years, but she did not question the calculations. Petitioner timely filed her 1994 and 1995 returns and paid the amount of tax shown due on the returns.

Sometime before July 1998, respondent began the examination of petitioner's 1994 and 1995 tax years. As a result petitioner consulted Mary Crenshaw, an acquaintance through whom she acquired insurance coverage and who petitioner believed was a C.P.A. Petitioner provided her bank statements to the acquaintance who turned them over to respondent's examiner. Respondent's examiner raised substantiation issues regarding petitioner's claimed Schedule C deductions and discovered a reporting error. In that regard, it was discovered that petitioner did not report her Form 1099 income from her business. Further, petitioner duplicated the omission error by deducting the Form 1099 income on her Schedule C.

After discovering these problems, petitioner hired attorney Warren Nemiroff in July 1998. Upon his advice, she submitted amended returns on November 16, 1998, which reflected the following revised calculations: (1) Schedule C deductions for

1994, as amended, totaled $252,056, which included $14,506 for advertising costs, $9,825 for car and truck expenses and $45,217 for other expenses such as $44,434 in rent, $770 in management fees, and $13 in bank fees; and (2) Schedule C deductions for 1995, as amended, totaled $284,380, which included $16,161 for advertising expenses, $7,171 for car and truck expenses and $29,743 for other expenses, such as $4 in bank charges and $28,671 in rent.

Subsequent to the filing of these amended returns, Internal Revenue Agent Francisco Rangel met with petitioner at her office to discuss her claimed Schedule C deductions.  At this meeting, no documents passed from petitioner to Mr. Rangel.  However, based on the conversation with petitioner and observations he made at her office, Mr. Rangel allowed some of her claimed deductions.

On November 6, 2000, respondent issued a statutory notice of deficiency to petitioner for her 1994 and 1995 tax years.

OPINION

We consider here whether petitioner is entitled to Schedule C deductions in excess of those allowed by respondent and whether petitioner is liable for the accuracy-related penalties under section 6662(a).

I.  Substantiation of Schedule C Deductions

Section 162 permits a deduction for ordinary and necessary

expenses incurred in carrying on a trade or business during the taxable year.  The question of whether an expenditure satisfies the requirements of section 162 is one of fact.  Commissioner v. Heininger, 320 U.S. 467 (1943).  Section 274(d) provides guidance with respect to certain deductions.  Specifically, it sets forth technical rules for substantiation of expenses relating to travel and meals.

Deductions are a matter of legislative grace, and a taxpayer bears the burden of proving that he or she is entitled to any deductions claimed.[2]  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).  Accordingly, petitioner must show that she incurred and/or paid the expense as an ordinary and necessary expense of her business.  For expenses covered under section 274(d), petitioner must produce (1) adequate records or (2) sufficient evidence to corroborate her own statements.  Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).  Adequate records include such things as an account book, diary, log, statement of expense, or other similar record in which entries of expenses are recorded at or near the time of the expense.  Id.  In addition, petitioner must produce documentary evidence such as receipts or paid bills.  Sec. 1.274-

---

[2] Because the examination commenced prior to July 22, 1998, sec. 7491 burden of proof and production standards are not applicable.  See sec. 7491.

5T(c)(2)(i) through (iii), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

Petitioner argues that her claimed deductions have been substantiated. Yet, the only evidence that petitioner has submitted to this Court is her own self-serving testimony regarding the deductions. We do not have to accept such testimony without corroborating evidence. Niedringhaus v. Commissioner, 99 T.C. 202 (1992). Further, aside from petitioner's argument that Mr. Rangel's allowance of some deductions is proof that her deductions were substantiated in full, petitioner has not presented any corroborating evidence.

As such, petitioner does not meet the substantiation requirements of section 162 or section 274(d). Accordingly, we hold that petitioner did not substantiate her disallowed Schedule C deductions and has, therefore, not shown respondent's determination to be in error.

## II. Accuracy-Related Penalty of Section 6662(a)

Section 6662 provides for an accuracy-related penalty equal to 20 percent of the underpayment if such underpayment was due to taxpayer's negligence or substantial understatement of income tax. Sec. 6662(a) and (b)(1). For the purposes of this section, a taxpayer is negligent when he or she fails "to do what a reasonable and ordinarily prudent person would do under the circumstances." Korshin v. Commissioner, 91 F.3d 670, 672 (4th

Cir. 1996), affg. T.C. Memo. 1995-46.  An understatement of income tax is substantial if it exceeds 10 percent of the tax required to be shown on the return for the taxable year or $5,000, whichever is greater.  Sec. 6662(d)(1)(A).[3]

As pertinent here, "negligence" includes the failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code and also includes any failure to keep adequate books and records or to substantiate items properly.  Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.  It is the taxpayer's responsibility to establish that he is not liable for the accuracy-related negligence penalty imposed by section 6662(a).  See Rule 142(a); Tweeddale v. Commissioner, 92 T.C. 501, 505 (1989).[4]  As we have held that petitioner failed to comply with the basic requirements of substantiation and record-keeping contained in the Internal Revenue Code, we find that petitioner's underpayment was due to negligence and is subject to the accuracy-related penalty under section 6662(a).

A taxpayer may avoid the application of the accuracy-related penalty by proving that he or she acted with reasonable cause and in good faith.  Sec. 6664(c).  Whether a taxpayer acted with reasonable cause and good faith is measured by examining the

---

[3] We need not address whether petitioner's understatement of income was substantial because we hold that she is liable for the accuracy-related penalty due to negligence.

[4] See supra note 2.

relevant facts and circumstances, and most importantly, the extent to which he attempted to assess his proper tax liability. See Neely v. Commissioner, 85 T.C. 934 (1985); Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs. As petitioner has not shown this Court the method by which she kept track of her business profits and losses, we are unable to find that petitioner attempted, in good faith, to properly assess her tax liability.

Despite this, petitioner maintains that there are other factors which show she acted in good faith. Petitioner points out that (1) she relied upon an accountant who prepared her original Federal income tax returns; (2) she submitted bank statements to respondent's examiner upon notice of audit; (3) she corrected the discrepancies on her returns; (4) she paid the tax due; and (5) she hired and relied on tax professionals.

Reliance on the advice of a competent adviser can be a defense to the accuracy-related penalty. United States v. Boyle, 469 U.S. 241, 252 (1985); Zfass v. Commissioner, 118 F.3d 184 (4th Cir. 1997), affg. T.C. Memo. 1996-167; sec. 1.6664-4(b)(1), Income Tax Regs. However, it must be established that the reliance was reasonable, in good faith, and based upon full disclosure. Ewing v. Commissioner, 91 T.C. 396, 423-424 (1988), affd. without published opinion 940 F.2d 1534 (9th Cir. 1991); Metra Chem Corp. v. Commissioner, 88 T.C. 654, 662 (1987);

Pritchett v. Commissioner, 63 T.C. 149, 175-176 (1974).

The record reflects that Mr. Kington, the preparer of her original Federal income tax returns, was petitioner's accountant for 7 years. However, petitioner has not shown Mr. Kington's qualifications or what records she provided to him in order to prepare her returns.[5] Therefore, we are unable to find that petitioner's reliance on Mr. Kington was in fact reasonable.

The record also reflects that petitioner relied on Mr. Nemiroff, her attorney, in submitting amended returns for 1994 and 1995.[6] However, in the context of this case, petitioner's reliance on her attorney and her willingness to correct her mistakes are irrelevant. As respondent has applied the section 6662(a) penalty to the underpayment reflected on petitioner's original returns, we measure petitioner's good faith and reasonable reliance as of the date of filing her original returns.

In that regard, petitioner argues that the penalty should apply to the underpayment reflected on petitioner's amended, as

---

[5] The credentials of Ron Kington are unclear from the record.

[6] Petitioner also contends that, on the advice of her attorney, she hired a new accountant to prepare her amended returns. Other than petitioner's testimony, there is no evidence that she did so. In that regard, petitioner's amended returns are not even signed by a tax preparer.

opposed to original, returns.[7]   However, an amended return can only be used to determine a taxpayer's underpayment for purposes of section 6662(a) if it is a "qualified amended return".  Sec. 1.6664-2(c)(2), Income Tax Regs.  A qualified amended return is one that is filed before "The time the taxpayer is first contacted by the Internal Revenue Service concerning an examination of the return".  Sec. 1.6664-2(c)(3)(i), Income Tax Regs.  As petitioner filed her amended returns after she was notified of examination, petitioner's amended returns are not qualified.

We hold that respondent's application of the section 6662(a) penalty to the underpayment reflected in petitioner's original returns is correct, and petitioner's good faith and reasonable reliance, if any, after she filed her original returns and was notified of an audit is of no consequence.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[7] While the statutory notice of deficiency reflects the income tax deficiency reflected on petitioner's amended returns, the penalty has been applied to petitioner's underpayment reflected on the original returns.