T.C. Memo. 2003-229


UNITED STATES TAX COURT


EVERETT J. DIERS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 619-01.                    Filed July 31, 2003.


Everett J. Diers, pro se.

Catherine S. Tyson, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, Judge:  Respondent determined a $13,126 deficiency in petitioner's Federal income tax for 1996.  The issues for decision are (1) whether petitioner failed to report on Schedule C, Profit or Loss From Business, nonemployee compensation of $26,738; (2) whether petitioner is entitled to claim Schedule C automobile expenses of $8,910; (3) whether he is entitled to

claim Schedule C office expenses of $3,600; (4) whether he is subject to self-employment tax of $6,365; and (5) whether he is liable for an accuracy-related penalty under section 6662[1] of $1,052.[2]

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time he filed the petition, petitioner resided in El Paso, Texas.

A.   Insurance Business

From approximately 1988 through 1994, petitioner worked as an insurance agent for American Income Life Insurance Co. (American). As part of its business practice, American would pay petitioner the year's commissions in advance for each insurance policy petitioner sold during the year. Petitioner also would receive a renewal commission provided that the insured renewed the policy. American would also lend petitioner funds to cover expenses related to his business for American.

---

[1] All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

[2] Respondent issued a notice of deficiency claiming, inter alia, a negligence penalty of $2,627.20. However, because of petitioner's reliance on a letter from the attorney who represented him during the insurance company settlement, respondent concedes the penalty on the portion of the underpayment related to this settlement.

Because of the advance payment of commissions and loans made to petitioner, American regularly carried a debt on its books for petitioner. In 1994, when petitioner left employment with American, he had an obligation to repay American for commission advances and loans.

After petitioner resigned from American, he worked for Capitol American Group of Companies (Capitol) and Life USA Insurance Co. (Life USA). During the year in issue, petitioner received income of $175 and $797 from Capitol and Life USA, respectively.

B. <u>Lawsuit and Settlement Agreement</u>

In 1994, American sued petitioner in the 74th Judicial District Court of McLennan County, Texas, for allegedly taking policyholders from American and for advances and loans American had made to petitioner during his employment. Petitioner threatened to countersue.

On April 25, 1995, petitioner entered a settlement agreement with American (settlement agreement). The settlement agreement provided that American would look exclusively to renewal commissions due or to become due to petitioner to satisfy the outstanding loan balance. In exchange, petitioner released all claims and rights to renewal commissions attributable to past services rendered for American that were due to petitioner or to become due in the future.

C.   Automobile Expenses

For his work-related travel, petitioner estimated total mileage for 1996 at 33,000 miles.  Petitioner did not maintain a log of work-related travel during 1996.

D.   Home Office Expenses

Petitioner lived with his girlfriend and maintained a home office in her house.  Petitioner paid her $250 per week in cash. Neither petitioner nor his girlfriend allocated a specific portion of the weekly payment to particular expenses.  Instead, petitioner left it to his girlfriend's discretion how the money was to be used.  Petitioner did not maintain receipts for any home office expenses.

E.   1996 Tax Return

On April 15, 1997, petitioner timely filed his 1996 Federal income tax return.  On his 1996 return, petitioner claimed income from insurance and other sales of $5,796 after Schedule C deductions of $8,910 and $3,600 for automobile and office expenses, respectively.  Because of a move from Albuquerque, New Mexico, to El Paso, Texas, petitioner never received the Forms 1099 issued for his income from American, Capitol, or Life USA for his 1996 tax year.

Respondent issued a notice of deficiency to petitioner regarding his 1996 tax year.  In the notice of deficiency, respondent determined, inter alia, that for the year 1996

petitioner failed to report Schedule C nonemployee compensation of $26,738,[3] that petitioner is not entitled to claim Schedule C automobile expenses or office expenses of $8,910 and $3,600, respectively, and that petitioner is subject to self-employment tax of $6,365.

OPINION

A.    Unreported Income

Section 61(a) provides that "gross income means all income from whatever source derived" except as otherwise provided.  The definition of gross income is broad, Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 429-430 (1955), and exclusions from gross income are narrowly construed, United States v. Burke, 504 U.S. 229, 248 (1992); United States v. Centennial Sav. Bank FSB, 499 U.S. 573, 583 (1991).

Respondent's determinations in the notice of deficiency are presumed correct, and petitioner must prove those determinations wrong in order to prevail.[4]  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  As relevant to the present case, petitioner asserts that the settlement agreement provided for

---

[3] This amount comprises Form 1099 income of $25,766 from American, $175 from Capitol, and $797 from Life USA.

[4] Petitioner does not contend that sec. 7491(a) is applicable to this case.  Sec. 7491(a) is in any event inapplicable because of petitioner's failure to comply with the substantiation and recordkeeping requirements of sec. 7491(a)(2) or to introduce credible evidence within the meaning of sec. 7491(a)(1).

forgiveness of the debt to American in 1995 in exchange for American's right to keep petitioner's renewal commissions. Respondent argues that petitioner received income from the renewal commissions when American credited these commissions against the outstanding advances and loans in 1996. For the reasons stated below, we agree with respondent.

Generally, income is taxable when it is received. Sec. 451. When a person receives amounts without an obligation to repay them and without restriction as to their disposition or use, those amounts are income to the person. James v. United States, 366 U.S. 213 (1961). The proceeds of a loan are generally not taxable as income because the benefit of the income is offset by an obligation to repay. United States v. Rochelle, 384 F.2d 748 (5th Cir. 1967); Milenbach v. Commissioner, 106 T.C. 184, 195 (1996) affd. in part, revd. in part and remanded 318 F.3d 924 (9th Cir. 2003). The determination of whether moneys received are the proceeds of a loan or income is to be made upon consideration of all of the facts. Fisher v. Commissioner, 54 T.C. 905, 909 (1970).

In the context of insurance agents who receive advances based on future commission income, whether those advances constitute income depends on whether, at the time of the making of the payment, the agent had unfettered use of the funds and whether there was a bona fide obligation on the part of the agent

to make repayment. <u>Dennis v. Commissioner</u>, T.C. Memo. 1997-275. In many instances, repayment is simply made out of future earned commissions. Where the repayments will be taken only from future commissions earned, and the agent will not become personally liable in the event that the future income does not cover the repayment schedule, the payments will constitute income to the agent for each year to the extent he received them. <u>Moorman v. Commissioner</u>, 26 T.C. 666, 673-674 (1956). These payments are nothing more than disguised salary. <u>Beaver v. Commissioner</u>, 55 T.C. 85, 90 (1970). However, in the situation where the advances are actually loans, when the repayments are offset directly by the future earned commissions, then the agent will have either commission income or cancellation of indebtedness income at the time of the offsets. <u>Cox v. Commissioner</u>, T.C. Memo. 1996-241; cf. <u>Warden v. Commissioner</u>, T.C. Memo. 1988-165.

Although petitioner's employment with American terminated in 1994, he continued to earn renewal commissions on policies he had sold before his departure. As provided in the settlement agreement, instead of paying these commissions to petitioner, American credited his account showing outstanding advances in accordance with his settlement agreement with American. When American made the advances to petitioner, he was not taxable on them because they were in effect loans. See <u>Beaver v. Commissioner</u>, <u>supra</u> at 91. When the commissions he earned after

his departure from American were credited to his account, however, petitioner's obligation to repay the loans was reduced by those amounts, and the reduction of that obligation constituted the receipt of taxable income. See <u>Newmark v. Commissioner</u>, 311 F.2d 913, 915 (2d Cir. 1962), affg. T.C. Memo. 1961-285. On the basis of the foregoing, we find that petitioner failed to report commission income in the amount determined by respondent.[5]

B.  <u>Schedule C Expenses</u>

Deductions are a matter of legislative grace, and the taxpayer has the burden of showing that he is entitled to any deduction claimed. Rule 142(a); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934). During 1996, petitioner continued his business as an insurance agent. Petitioner, however, failed to maintain adequate records to substantiate claimed deductions for his automobile and home office expenses.

1.  <u>Automobile Expenses</u>

Section 162(a) allows a taxpayer to deduct all ordinary and necessary expenses paid or incurred in carrying on a trade or business. Under section 274(d), however, automobile expenses are not deductible as a business expense and will be disallowed in full unless the taxpayer satisfies strict substantiation

---

[5] Although the amount determined by respondent includes Form 1099 income from Capitol and Life USA, petitioner concedes this point, and therefore the issue merits no further discussion.

requirements.  These include adequate records or other corroborating evidence of the amount of the expense, the time and place of the automobile's use, and the business purpose of its use.  See Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. 412 F.2d 201 (2d Cir. 1969); Maher v. Commissioner, T.C. Memo. 2003-85.  Petitioner claims he is entitled to deduct $8,910 in business expenses related to mileage traveled for work. Petitioner testified that he recorded annual mileage on December 31 of each year which tended to average approximately 36,000 miles and used that odometer reading as his mileage log to then take 90 percent as a deduction for work-related travel. Petitioner, however, submitted no documentation or receipts to substantiate any of the business expenses he claims he incurred in 1996.  Accordingly, we conclude petitioner is not entitled to deduct mileage as an automobile expense.

    2.    Home Office Expenses

    Section 280A(a) generally provides that no deduction otherwise allowable shall be allowed with respect to the business use of a taxpayer's residence.  Section 280A(c) provides exceptions to the general rule of section 280A(a) and requires that expenses be allocated between the business and personal use of the dwelling.  Thus, as relevant herein, section 280A(a) does not apply to any item to the extent that the item is allocable to a portion of the dwelling unit that is exclusively used on a

regular basis as the principal place of business for any trade or business of the taxpayer. See sec. 280A(c)(1)(A). Accordingly, in order to qualify under section 280A(c), a portion of petitioner's dwelling must be exclusively used on a regular basis as the principal place of business for his trade or business. See Hamacher v. Commissioner, 94 T.C. 348, 353 (1990).

Petitioner has not established that he made expenditures or that he allocated the expenses between personal and business use. Petitioner did not provide any evidence of expenditures for the home office. Petitioner testified that he paid $250 per week to his friend to reside in her home, and she was entitled to use these funds for any purpose. However, petitioner failed to provide any substantiation beyond his testimony that the expenditures were pursuant to a trade or business. Though petitioner claims that a portion of this weekly payment included expenses associated with the home office, he provided neither any receipts showing the expenditures nor any evidence to indicate any allocation of expenses. We need not examine the technical requirements of section 280A(c) regarding the use of a portion of a residence as a home office, because in any event petitioner has failed to substantiate any home office expenses. Accordingly, petitioner is not entitled to a home office deduction under section 280A.

C.    Self-Employment Tax

Section 1401(a) imposes a tax upon the self-employment income of every individual.  Self-employment income consists of gross income an individual derives from carrying on any trade or business.  Sec. 1402(a) and (b); Spiegelman v. Commissioner, 102 T.C. 394, 396 (1994).

Petitioner's self-employment tax has increased because of the increase in income from the disallowance of claimed Schedule C business expenses and the inclusion of unreported income. Petitioner admits that he was self-employed and he earned his income from his business as an insurance agent.  Accordingly, we sustain respondent's determination that petitioner is liable for self-employment tax.[6]  See Rule 142(a); Simpson v. Commissioner, 64 T.C. 974 (1975).

D.    Negligence Penalty

Section 6662 provides for an accuracy-related penalty equal to 20 percent of the underpayment if the underpayment was due to a taxpayer's negligence or disregard of rules or regulations. See sec. 6662(a) and (b)(1).  A taxpayer is negligent when he or she fails "'to do what a reasonable and ordinarily prudent person

---

[6]  We note that although full-time life insurance salesmen are statutory employees and not liable for self-employment tax, the record does not establish that petitioner was a full-time salesman or a life insurance salesman in 1996.  Secs. 1402(b), (c)(2), and (d), 3121(a), (d)(3)(B).

would do under the circumstances.'" Korshin v. Commissioner, 91 F.3d 670, 672 (4th Cir. 1996) (quoting Schrum v. Commissioner, 33 F.3d 426, 437 (4th Cir. 1994), affg. in part, vacating and remanding in part T.C. Memo. 1993-124), affg. T.C. Memo. 1995-46.

As pertinent here, "negligence" includes the failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code and also includes any failure to keep adequate books and records or to substantiate items properly. See sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. A taxpayer may, however, avoid the application of the accuracy-related penalty by proving that he or she acted with reasonable cause and in good faith. See sec. 6664(c). Whether a taxpayer acted with reasonable cause and in good faith is measured by examining the relevant facts and circumstances, and most importantly, the extent to which he or she attempted to assess the proper tax liability. See Neely v. Commissioner, 85 T.C. 934 (1985); Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioner concedes he did not report Form 1099 income from Capitol and Life USA in 1996. Additionally, we have found that petitioner failed to maintain adequate records related to claimed automobile and home office expenses. Therefore, we find the underpayment due to the omitted Form 1099 income and the disallowed Schedule C expenses to be attributable to negligence

or disregard of rules and regulations.

We have found that petitioner did not report an additional $25,766 of income for 1996. Nevertheless, respondent concedes that the omission of the Form 1099 income from American was justified because of petitioner's reliance on a letter from the attorney who represented him during his settlement with American. Accordingly, no penalty will be imposed on this portion of the underpayment.

We conclude that petitioner is liable for a penalty pursuant to section 6662 for 1996 in the recalculated amount of $1,052. In reaching all of our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we find them to be irrelevant or without merit.

To reflect the foregoing,

Decision will be entered under Rule 155.