T.C. Summary Opinion 2008-132


UNITED STATES TAX COURT


EUGENIA GONZALEZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14909-04S.                 Filed October 15, 2008.


Eugenia Gonzalez, pro se.

<u>Jeffrey D. Heiderscheit</u>, for respondent.


VASQUEZ, <u>Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and

_____

    [1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

this opinion shall not be treated as precedent for any other case.

Respondent determined a $5,795 deficiency in petitioner's Federal income tax for 2002 and a $1,159 accuracy-related penalty under section 6662(a).

After concessions,[2] the issues for decision are: (1) Whether petitioner had allowable business expense deductions for tax year 2002; and (2) whether petitioner is liable for the accuracy-related penalty under section 6662(a) for tax year 2002.

### Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time she filed the petition, petitioner resided in Texas.

During 2002 petitioner was employed by both Raytheon Co. (Raytheon) and YMCA of Greater El Paso (YMCA). In 2002 petitioner reported wages from both Raytheon and YMCA on her Federal income tax return. For the YMCA she facilitated group exercise classes on an average of three nights per week. As a group exercise instructor she was not reimbursed by the YMCA for mileage, music, or clothing. Petitioner therefore purchased her own clothing, music, and drove her personally owned vehicle to

---

[2] Respondent concedes that there is no self-employment tax due for tax year 2002, and that petitioner is entitled to deduct $218.34 for music used as a group exercise instructor.

and from the YMCA for the aerobics classes.  The distance between her jobs at Raytheon and the YMCA averaged 9.7 miles.[3]  In addition to transportation between work sites, petitioner used her vehicle for personal purposes.

Petitioner also worked as a Mary Kay consultant.  As a Mary Kay consultant she purchased cosmetics, attended meetings, downloaded information and brochures, and performed one-on-one skin care classes.  She conducted this business out of her home.

For tax year 2002 petitioner reported $550 as cost of goods sold on her Schedule C, Profit or Loss From Business, associated with her Mary Kay consulting; however, she reported no sales and no income.  She deducted $3,016 in car and truck expenses,[4] $563 for homeowners insurance,[5] $1,850 in interest expenses,[6] $1,496 in

---

[3]  During tax year 2002 petitioner worked at three different YMCA work sites in El Paso, Texas.  The distance between petitioner's Raytheon work location and the YMCA work locations was 7.5 miles, 16.5 miles, and 5.1 miles.

[4]  This amount differs from the amounts claimed at trial. At trial petitioner claimed $2,910.95 in car and truck expenses, including $776.72 in gasoline, $1,200 in maintenance, and $934.23 in auto insurance.

[5]  Petitioner acknowledges that this amount is inaccurate and should have been $349.

[6]  Petitioner acknowledges that this amount is inaccurate and should have been $658.74.

office expenses, $1,409 in repairs and maintenance,[7] $2,942 for

supplies, and $2,322 for utilities.[8]

In the notice of deficiency, respondent disallowed all of

petitioner's claimed Schedule C deductions due to a lack of

substantiation.[9]

## Discussion

Petitioner has neither claimed nor shown that she satisfied

the requirements of section 7491(a) to shift the burden of proof

to respondent with regard to any factual issue.[10]  Accordingly,

petitioner bears the burden of proof.  See Rule 142(a).

---

[7]  Petitioner acknowledges that this amount is inaccurate and should have been $548.44.

[8]  The claimed amount for utilities includes $353.34 for water, $144.54 for gas, $463.33 for telephone, $386.87 for electricity, and $964.36 for cell phone.

[9]  In the notice of deficiency, respondent set forth self-employment tax of $3,920 based on a $27,746 increase in self-employment income.  Respondent concedes that petitioner had no self-employment income and therefore owes no self-employment tax.

At trial respondent attempted to raise issues regarding filing status, capital loss, and receipt of rental income.  These issues were not referenced in the statutory notice of deficiency nor did respondent assert a claim for an increased deficiency pursuant to sec. 6214(a) and Rules 36 and 41.  We find that these issues are not before the Court.  See Foil v. Commissioner, 92 T.C. 376, 418 (1989), affd. per curiam 920 F.2d 1196 (5th Cir. 1990); Markwardt v. Commissioner, 64 T.C. 989, 997 (1975).

[10]  Petitioner does not contend that sec. 7491(a) applies to this case.  Sec. 7491(a) is in any event inapplicable because of petitioner's failure to comply with the substantiation requirements of sec. 7491(a)(2).

Business expenses are deductible from gross income pursuant to section 162. Deductions are a matter of legislative grace, and the taxpayer has the burden of showing that he or she is entitled to any deduction claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). During 2002 petitioner maintained a business as a Mary Kay consultant and was employed as a group exercise instructor. However, petitioner failed to meet her burden of proving that she is entitled to claim deductions in excess of those amounts conceded by respondent.

Home Office Expenses

Section 280A(a) provides that no deduction otherwise allowable shall be allowed with respect to the business use of a taxpayer's residence. Section 280A(c) provides exceptions to the general rule of section 280A(a) and requires that expenses be allocated between the business and personal use of the dwelling. Accordingly, in order to qualify under section 280A(c), a portion of petitioner's dwelling must be exclusively used on a regular basis as the principal place of business for her trade or business. See Hamacher v. Commissioner, 94 T.C. 348, 353 (1990). Petitioner has not established that a portion of her home was used exclusively on a regular basis as the principal place of business for her Mary Kay consulting. Furthermore, section 280A(c)(5) limits the home office deduction to the amount of

gross income received from the business (reduced by deductions otherwise allowable).  Petitioner reported no income from her Mary Kay business.  Accordingly, she is not entitled to any home office deductions.  Id.

Petitioner has claimed business expense deductions for office expenses, repairs, maintenance, supplies, utilities, and other expenses.  Specifically petitioner has indicated that the $2,322 she claimed in utilities expenses included water, gas, telephone, electric, cell phone, and Internet access fees.

For expenses that include both personal and business uses, the taxpayer must show that the total expense was greater than what would have been made for personal use only, and if it is not, then the expense is entirely nondeductible.  See secs. 162(a), 274(d), 280F(d)(4)(A)(v); Sutter v. Commissioner, 21 T.C. 170, 173-174 (1953).  Petitioner has not established that she made expenditures and she has not substantiated either her total usage or the amount of business use.

Section 274(d)(4) provides that no deduction shall be allowed with respect to any listed property (as defined under section 280F(d)(4)) without strict substantiation.  Listed property under section 280F(d)(4) includes but is not limited to cellular phones, passenger automobiles, and computer equipment.  See sec. 280F(d)(4)(A)(i), (iv), (v).  Pursuant to section 274(d)(4), petitioner must substantiate the amount of total use

and the amount of business use, and only the portion of the expense that petitioner has substantiated to be ordinary and necessary business expense is deductible. See secs. 162(a), 274(d)(4), 280F(d)(4)(A); sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). Petitioner has not substantiated either total usage or amounts of business use for her cellular phone, or demonstrated that the expenses were greater than they would have been had there been no business use.

For utility expenses that are not listed items under section 274(d)(4), the strict substantiation rules of section 274 do not apply, and the Court may estimate the business portion of a utility expense. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Farran v. Commissioner, T.C. Memo. 2007-151; Pistoresi v. Commissioner, T.C. Memo. 1999-39. However, petitioner still must present evidence supporting the amount of the expense and the portion attributable to a business purpose to allow the Court to apply the Cohan rule. Cohan v. Commissioner, supra; Davis v. Commissioner, T.C. Memo. 2006-272. Although petitioner did in fact present copies of her water, gas, and electric statements, there is nothing in the record that would indicate what portions of these expenses are attributable to ordinary and necessary business purposes, or what portions are attributable to personal use. We therefore find that petitioner

has not adequately substantiated these expenses and they are personal and nondeductible.

Car and Truck Expenses

Automobile expenses are not deductible as a business expense and will be disallowed in full unless the taxpayer satisfies the substantiation requirements under section 274(d). Substantiation includes adequate records or other corroborating evidence of the amount of the expense, the time and place of the automobile's use, and the business purpose of its use. See Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. 412 F.2d 201 (2d Cir. 1969); Maher v. Commissioner, T.C. Memo. 2003-85.

Respondent concedes that petitioner is entitled to a deduction for the cost of driving between her job at Raytheon and her aerobics instruction classes at the YMCA. The average distance between petitioner's places of employment is 9.7 miles, and petitioner traveled between workplaces 3 times a week during tax year 2002, for a total of 1,513.2 miles. As such respondent concedes that petitioner may properly claim a deduction of $552.32 for mileage on Schedule A as a miscellaneous itemized deduction. Petitioner did not, however, substantiate that she incurred any mileage in pursuance of her Mary Kay consulting activities. We therefore find that petitioner has not adequately substantiated these expenses and they are nondeductible.

Fitness-Related Expenses

Petitioner has provided receipts that she claims represent deductible business expenses associated with her work as a fitness instructor. The receipts include expenses for music,[11] clothing, laundry, and hairstyling. Petitioner argues that these expenses should be deductible because she was required to be "presentable"[12] during the course of her aerobics instruction.

Clothing is deductible as a business expense only if it is required for the taxpayer's employment, unsuitable for general wear, and not worn for personal use. See Hynes v. Commissioner, 74 T.C. 1266, 1290 (1980); Yeomans v. Commissioner, 30 T.C. 757, 767 (1958). The determination of suitability for general use is an objective measure and does not rely on whether the taxpayer actually used the items in general use. Pevsner v. Commissioner, 628 F.2d 467 (5th Cir. 1980), revg. T.C. Memo. 1979-311. Such costs are not deductible even when it has been shown that the particular clothes would not have been purchased but for the employment. Stiner v. United States, 524 F.2d 640 (10th Cir. 1975); Donnelly v. Commissioner, 262 F.2d 411 (2d Cir. 1959), affg. 28 T.C. 1278 (1957); Hynes v. Commissioner, supra at 1290.

---

[11] Respondent concedes that petitioner is entitled to deduct $218.34 for music used as a group exercise instructor for the YMCA.

[12] Petitioner believes that it is through her appearance that she is able to bring them (YMCA) a profit.

Clothing and shoes purchased for use while exercising may be used in a variety of other settings and therefore are generally not a deductible expense.  See Mella v. Commissioner, T.C. Memo. 1986-594.  Further expenses incurred for maintenance of nondeductible clothing are also nondeductible.  See, e.g., Pevsner v. Commissioner, supra.

Hairstyling and grooming expenses are generally considered nondeductible personal expenses.  See Hynes v. Commissioner, supra at 1290; Boltinghouse v. Commissioner, T.C. Memo. 2007-324.  Like clothing expenses, deductions for grooming expenses are limited to those that are considered unsuitable for general wear.  See Genck v. Commissioner, T.C. Memo. 1998-105.  Petitioner has not substantiated that her clothing or hairstyling were required for the fitness activities, or that they were unsuitable for general use.

Accuracy-Related Penalty

Section 7491(c) provides that the Commissioner will bear the burden of production with respect to the liability of any individual for additions to tax and penalties.  "The Commissioner's burden of production under section 7491(c) is to produce evidence that it is appropriate to impose the relevant penalty, addition to tax, or additional amount".  Swain v. Commissioner, 118 T.C. 358, 363 (2002); see also Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Once the Commissioner

has done so, the taxpayer must come forward with evidence
sufficient to persuade a Court that the Commissioner's
determination is incorrect. See Higbee v. Commissioner, supra at
446.

Pursuant to section 6662(a), a taxpayer may be liable for a
penalty of 20 percent on the portion of an underpayment of tax
attributable to negligence or disregard of rules or regulations.[13]
See sec. 6662(b)(1). A taxpayer is negligent when he or she
failed "'to do what a reasonable and ordinarily prudent person
would do under the circumstances.'" Korshin v. Commissioner, 91
F.3d 670, 672 (4th Cir. 1996) (quoting Schrum v. Commissioner, 33
F.3d 426, 437 (4th Cir. 1994), affg. in part, vacating in part
and remanding T.C. Memo. 1993-124), affg. T.C. Memo. 1995-46.
Negligence includes the failure to make a reasonable attempt to
comply with the provisions of the Internal Revenue Code and also
includes any failure to keep adequate books and records or to
substantiate items properly. See sec. 6662(c); sec. 1.6662-
3(b)(1), Income Tax Regs.

A taxpayer, however, may avoid the application of the
accuracy-related penalty by proving that he or she acted with
reasonable cause and in good faith. See sec. 6664(c). Whether a

---

[13] Sec. 6662(d)(1)(A) is not applicable in this case due to
respondent's concession that petitioner had no self-employment
income or self-employment tax, thereby reducing the deficiency by
$3,920.

taxpayer acted with reasonable cause and in good faith depends upon all the pertinent facts and circumstances (and, most importantly, the extent to which he or she attempted to assess the proper tax liability).  See Neely v. Commissioner, 85 T.C. 934 (1985); Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioner failed to maintain adequate records relating to claimed business expenses.  Petitioner knew or should have known at all times that the claimed expenses were personal expenses and not deductible business expenses.  Petitioner argues that she should be excused from the accuracy-related penalties because she relied on her tax return preparer.  Reliance on a return preparer may relieve a taxpayer from the accuracy-related penalty where the taxpayer's reliance is reasonable.  Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991).  However, a taxpayer's reliance must be in good faith and demonstrably reasonable.  Ewing v. Commissioner, 91 T.C. 396, 423 (1988), affd. without published opinion 940 F.2d 1534 (9th Cir. 1991); Freytag v. Commissioner, supra at 888-889.

The ultimate responsibility for a correct return lies with the taxpayer, who must furnish the necessary information to the agent who prepared the return.  Enoch v. Commissioner, 57 T.C. 781, 802 (1972).  In other words, reliance upon expert advice

will not exculpate a taxpayer who supplies the return preparer with incomplete or inaccurate information. Lester Lumber Co. v. Commissioner, 14 T.C. 255, 263 (1950). Petitioner's reliance on the advice of her tax return preparer was not reasonable. Petitioner provided information to the preparer, and she knew, or should have known that the amounts entered on the return were not accurate. Reliance on a preparer is not reasonable where even a cursory review of the return would reveal inaccurate entries. See Pratt v. Commissioner, T.C. Memo. 2002-279. Petitioner failed to establish that she had reasonable cause or acted in good faith for the year at issue.

Respondent has shown that petitioner has failed to keep adequate books and records or to properly substantiate the items in question. Accordingly, we conclude that respondent has produced sufficient evidence to show that the section 6662(a) accuracy-related penalty is appropriate, and petitioner has not proven that her negligence was due to reasonable cause. Petitioner is therefore liable for the section 6662(a) accuracy-related penalty.

In reaching our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we conclude they are irrelevant or without merit.

To reflect the foregoing,

Decision will be entered

under Rule 155.