T.C. Memo. 2009-32

UNITED STATES TAX COURT

EDWARD T. AND JENNIFER B. GARRISON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3745-07.                    Filed February 10, 2009.

Edward T. and Jennifer B. Garrison, pro se.

<u>Edwina L. Jones</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WELLS, <u>Judge</u>:  Respondent determined a deficiency of $48,341

in petitioners' 2002 Federal income tax and a $9,668.20 accuracy-

related penalty under section 6662(a).[1]  The issues we must

---

[1]All section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.

decide are: (1) Whether petitioners are entitled to deduct for taxable year 2002 contract labor expenses in excess of those allowed by respondent; and (2) if not, whether, pursuant to section 6662(c), petitioners were negligent. For the reasons set forth below, we sustain respondent's determinations.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners are husband and wife and resided in North Carolina at the time they filed the petition.

On April 15, 2003, petitioners timely filed their joint 2002 Federal income tax return. During 2002 petitioners owned and operated a construction business known as Mecklenburg Framing. On Schedule C, Profit or Loss From Business, of their 2002 joint return, petitioners reported gross receipts from Mecklenburg Framing of $881,439 and a claimed deduction for contract labor expenses of $885,035.

During respondent's examination of petitioners' 2002 Federal income tax return, petitioners submitted copies of Forms 1099-MISC, Miscellaneous Income, showing nonemployee compensation paid by Mecklenburg Framing to various contract laborers.[2] The

---

[2]Petitioners did not file the Forms 1099-MISC with respondent.

nonemployee compensation reported on the Forms 1099-MISC was as follows:

| Recipient | Amount |
|---|---|
| Sanchez Framing | $480,958.06 |
| D & D Construction | 54,215.71 |
| Jesus Garcia Rosales d.b.a. Garcia Construction | 35,838.09 |
| Luis Felipe Rosales Zarate | 15,300.15 |
| Rigoberto Arreola | 66,080.33 |
| Total | 652,392.34 |

Petitioners also created and provided respondent a comprehensive list of those contract laborers allegedly paid by Mecklenburg Framing for services rendered during taxable year 2002. The aggregate amount of contract labor expenses provided on the list equaled that claimed on Schedule C of petitioners' 2002 joint return. Petitioners did not, however, submit any canceled checks or other documentation substantiating the claimed expenses.

On November 15, 2006, respondent sent petitioners a notice of deficiency for taxable year 2002.[3] Respondent allowed a deduction for contract labor expenses of $652,414 that was based on the aforementioned Forms 1099-MISC petitioners submitted.[4]

---

[3]On Sept. 14, 2005, petitioners executed a Form 872, Consent to Extend the Time to Assess Tax, which extended the time within which respondent could assess any Federal income tax due with respect to petitioners' 2002 tax year to Dec. 31, 2007.

[4]Respondent notes that there is a $21.66 difference between the amount allowed as a deduction in the notice of deficiency ($652,414) and the amount set forth on Forms 1099-MISC prepared

(continued...)

Respondent disallowed the remaining $232,621 of petitioners' claimed contract labor expenses, resulting in a deficiency determination of $48,341. Respondent also imposed an accuracy-related penalty of $9,668.20. Petitioners timely petitioned the Court.

On October 15, 2007, 1 day before trial, petitioners provided respondent a document entitled "Mecklenburg Framing Employee Contact List", which included the names of alleged contract laborers and their corresponding Social Security numbers. Respondent discovered, however, that most of the Social Security numbers did not match the corresponding names of the contract laborers. Moreover, Mecklenburg Framing did not issue Forms 1099-MISC to any of the contract laborers listed on the Mecklenburg Framing Employee Contact List.

Petitioners also produced a document entitled "Mecklenburg Framing 1099 Detail for the period from January through December 2002".[5] Petitioners did not, however, produce or offer at trial any canceled checks or testimony from any contract laborer to substantiate the amounts allegedly paid by Mecklenburg Framing as set forth in that document.

---

[4](...continued)
by petitioners ($652,392.34). Respondent offers no explanation as to the discrepancy and concedes the issue.

[5]Notably, this document did not include any of the individuals listed on the Mecklenburg Framing Employee Contact List.

## OPINION

We consider whether petitioners are entitled to Schedule C deductions for contract labor expenses in excess of those allowed by respondent for taxable year 2002 and whether petitioners are liable for an accuracy-related penalty under section 6662(a).

### 1. Disallowed Deductions

Deductions are a matter of legislative grace, and a taxpayer bears the burden of proving that he or she has complied with the specific requirements for any deduction claimed. See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). A taxpayer may deduct all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business if the taxpayer maintains sufficient records to substantiate the expenses. Secs. 162(a), 6001; Deputy v. du Pont, 308 U.S. 488, 495-496 (1940); Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); sec. 1.6001-1(a), Income Tax Regs.

Petitioners have provided no credible evidence substantiating their claimed contract labor expenses for Mecklenburg Framing. Petitioners did not offer any canceled checks corroborating their disallowed expense deductions. Nor did they offer any testimony from any of the alleged contract laborers to confirm payment for services. Indeed, the only

evidence petitioners submitted to verify the deductions in issue was self-serving documents they generated themselves.[6]

In sum, petitioners failed to offer any credible evidence to substantiate the amounts paid by Mecklenburg Framing for the contract labor expenses in issue.  Consequently, we hold that petitioners have failed in their burden of proof and, therefore, are not entitled to a deduction in excess of the amount respondent allowed in the notice of deficiency.

2.  Accuracy-Related Penalty

Section 6662 provides for an accuracy-related penalty equal to 20 percent of an underpayment if the underpayment is due to a taxpayer's negligence or disregard of rules or regulations.  Sec. 6662(a) and (b)(1).  For purposes of section 6662, a taxpayer is negligent when he or she fails "'to do what a reasonable and ordinarily prudent person would do under the circumstances.'" Korshin v. Commissioner, 91 F.3d 670, 672 (4th Cir. 1996) (quoting Schrum v. Commissioner, 33 F.3d 426, 437 (4th Cir. 1994), affg. in part and vacating in part T.C. Memo. 1993-124), affg. T.C. Memo. 1995-46; Neely v. Commissioner, 85 T.C. 934, 947 (1985) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th

---

[6]Under sec. 7491(a)(1), if a taxpayer introduces credible evidence with respect to any factual issue, the burden of proof shifts to the Commissioner.  In the instant case, the burden of proof does not shift to respondent because petitioners did not maintain adequate books and records and were unable to substantiate by credible evidence $232,621 of their claimed Schedule C contract labor expenses.  See sec. 7491(a)(1) and (2).

Cir. 1967), affg. in part and remanding in part 43 T.C. 168 (1964) and T.C. Memo. 1964-299). "Negligence" includes any failure to keep adequate books and records or to substantiate items properly. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs.

A taxpayer may avoid the application of an accuracy-related penalty by proving that he or she acted with reasonable cause and in good faith. Sec. 6664(c). Whether a taxpayer acted with reasonable cause and good faith is measured by examining the relevant facts and circumstances and, most importantly, the extent to which a taxpayer attempted to assess his or her proper tax liability. See Neely v. Commissioner, supra; Stubblefield v. Commissioner, T.C. Memo. 1996-537; sec 1.6664-4(b)(1), Income Tax Regs.

As noted above, petitioners failed to keep adequate books and records or to substantiate the claimed contract labor expenses for Mecklenburg Framing. Such a failure is prima facie evidence of negligence. See sec. 1.6662-3(b), Income Tax Regs. On the basis of the record, we conclude that petitioners have failed to meet their burden of proving that they acted with reasonable cause and in good faith. We therefore sustain respondent's determination that petitioners are liable for the $9,668.20 accuracy-related penalty pursuant to section 6662(a) on

the underpayment associated with the disallowed contract labor expenses.

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we conclude that they are without merit, irrelevant, or moot.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.